UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALFREDO ALVES SANTANA,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden at Imperial Regional Detention Facility, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-00964-RBM-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Luis Alfredo Alves Santana's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Court **GRANTS** the Petition.

## I.      BACKGROUND

Petitioner is a citizen of Venezuela who was paroled into the United States on November 5, 2022 pursuant to Immigration and Nationality Act ("INA") § 212(d)(5)(A). (*Id.* ¶ 27.)[1]  The Department of Homeland Security ("DHS") executed Petitioner's parole and released Petitioner into the interior of the United States.  (*Id.*)  Petitioner's Form I-94 authorized parole through November 3, 2024.  (*Id.*)  On March 19, 2024, United States Citizenship and Immigration Services approved Petitioner's Form I-765 employment authorization through March 18, 2029.  (*Id.* ¶ 29.)  On November 26, 2025, DHS officers

---

[1]  The Court cites the CM/ECF electronic pagination unless otherwise noted.

arrested Petitioner at a vehicle stop and issued him a Notice to Appear, charging him as inadmissible under INA § 212(a)(6). (*Id.* ¶¶ 30–31.) On February 13, 2026, Petitioner requested a custody redetermination hearing before an immigration judge. (*Id.* ¶ 32.) The immigration judge denied Petitioner a custody redetermination, concluding that he lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.*)

On February 15, 2026, Petitioner filed the Petition. (Doc. 1.) On February 19, 2026, the Court set a briefing schedule. (Doc. 2.) On February 23, 2026, Respondents filed their Response to Petition ("Response"). (Doc. 3.) That same day, Petitioner filed his Traverse and Request for Release or, in the Alternative, a Constitutionally Adequate Bond Hearing ("Reply"). (Doc. 4.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims that his re-detention without a hearing violates the INA and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 36–43.) Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*,[2] is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. (Doc. 2 at 2.) But

---

[2] *See Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

3:26-cv-0964-RBM-MSB

Petitioner argues that the Court should order his immediate release. (Doc. 1, Prayer for Relief ¶ F; Doc. 4 at 1–3.) Because the Parties agree that Petitioner is detained under § 1226, the Court **GRANTS** the Petition. The Court next addresses whether Petitioner is entitled to immediate release.[3]

The Court previously considered this question, and answered it in the affirmative, under nearly identical circumstances in *Castellanos v. Noem*, 26-cv-00232-RBM-MSB, ECF No. 6 (S.D. Cal. Feb. 2, 2026). In *Castellanos*, the Court applied the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and found that (1) the petitioner had a significant liberty interest in remaining out of custody pursuant to his parole; (2) the risk of an erroneous deprivation of such interest was high because the petitioner did not receive an opportunity to be heard; and (3) the respondents' interests in detaining the petitioner without a hearing was low. *Id.* at *3–5 (citations omitted). "Based on this review of the *Mathews* factors, the Court conclude[d] that due process require[d] [the petitioner] to be released from custody and receive a bond hearing before an immigration judge before he [could] be re-detained." *Id.* at *5. Because the circumstances before the Court are the same, the Court adopts its reasoning in *Castellanos* and reaches the same conclusion here.

## IV.    CONCLUSION[4]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to his December 9, 2025 re-detention.

---

[3]  The Court notes that Respondents did not respond to Petitioner's argument that immediate release is proper. "Generally, a party waives argument when it fails to respond to an argument made to the court." *United States v. Cabrera*, 796 F. Supp. 3d 660, 664 (S.D. Cal. 2025) (citing *United States v. Caceres-Olla*, 738 F.3d 1051, 1053 n.1 (9th Cir. 2013)). Therefore, this alone may be grounds to grant Petitioner's immediate release.

[4]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-0964-RBM-MSB

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive notice of the reasons for revocation of his parole and a hearing before an immigration judge to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[5] that Petitioner poses a danger to the community or a risk of flight.[6]

**IT IS SO ORDERED.**

DATE:  February 24, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[5]  *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at \*4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings*, 583 U.S. 281 (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond")).

[6]  This relief has been granted in similar matters.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089 (E.D. Cal. 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025); *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1044 (N.D. Cal. 2025).

3:26-cv-0964-RBM-MSB